**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FERNANDO DÍAZ—RODRÍGUEZ,<br><br>**Petitioner,**<br><br>**v.**<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **Civil No.** 18-1620 (FAB)<br>related to<br>**Criminal No.** 10-339 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Petitioner Fernando Díaz—Rodríguez ("Díaz"), *pro se*, moves to vacate, set aside, or correct his sentence in Criminal Case No. 10-339 pursuant to 28 U.S.C. section 2255 ("section 2255"). (Civil Docket No. 1)[1] For the reasons set forth below, the Court **DENIES** Díaz's motion to vacate his sentence. (Civil Docket No. 1)

**I. Background**

Díaz's second superseding indictment on March 3, 2011 charged Díaz with aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. section 1951 and section 2 (Count 1) and with aiding and abetting the carry and use of a firearm that was discharged during a crime of violence in violation of 18 U.S.C. section

[1] References to Civil Case No. 18-1620 will be written as "Civil Docket" and references to Criminal Case No. 10—339 will be written as "Criminal Docket."

924(c)(1)(A)(iii) and section 2 (Count 2). (Criminal Docket No. 36) Following trial, the jury found Díaz guilty and the Court sentenced him to 240 months for Count 1 and 120 months for Count 2, to be served consecutively. (Criminal Docket Nos. 135 and 163)

The First Circuit Court of Appeals vacated this conviction and remanded. (Criminal Docket No. 174) They found that Díaz's Sixth Amendment right to counsel had been violated when his request to switch attorneys before trial was denied without exploring the basis for his request. Id.

Following the remand, Díaz was represented by a new attorney, and pled guilty to both counts, signing a plea agreement with the government. (Criminal Docket No. 210) In the agreement, Díaz acknowledged that Count 2 carried a minimum term of imprisonment of 10 years pursuant to 18 U.S.C. section 924(c)(1)(A)(iii) and that it would be served consecutively. Id. at pp. 2, 4. The plea agreement incorporated two pages of stipulated facts. Id. at pp. 7, 11—12. Díaz affirmed in the agreement that he was satisfied with his attorney, that the plea agreement had been provided to him in Spanish, that he understood its contents, and that he voluntarily agreed with it. Id. at pp. 6, 10.

The Court conducted a change of plea hearing where the Court determined that Díaz was competent to make the plea and understood that the Court could not sentence him to anything less than 120

months for Count 2. (Criminal Docket No. 239 at pp. 3—5 & 13, 17, 18) The government read into the record the stipulated facts of what occurred during the robbery and Díaz agreed to the facts. Id. at p. 19—22.

At the sentencing hearing, Díaz's attorney addressed the Court, stating that "[w]e have some guidelines, Your Honor. It's two offenses. One of the offenses, which is the possession of the weapon, entails a mandatory minimum sentence of ten years. Then we have a guideline sentence for the robbery count, which we have a guideline sentencing range of 97 to 121 months." (Criminal Docket No. 240 at p. 3) The Court subsequently sentenced Díaz to 120 months for Count 1 and 120 months for Count 2, to be served consecutively. Id. at p. 26.

Díaz appealed his sentence for Count 2 to the First Circuit Court of Appeals, arguing that there was no factual basis for a guilty plea to aiding and abetting 924(c)(1)(A)(iii). See Criminal Docket No. 244 at p. 2. He argued that because the facts did not show that he had "advance knowledge that his fellow robbers would carry or discharge firearms during the robbery," he did not have the requisite intent to aid and abet. Id. at p. 8.

Pointing to Díaz's confirmation of the facts presented by the government at his change of plea hearing, the First Circuit Court of Appeals affirmed the sentence, finding that there was a

sufficient factual basis for a guilty plea to Count 2 because Díaz did not withdraw from the crime when the other two robbers started shooting their guns. Id. at p. 8—12. The court noted specifically that his confederates discharged their weapons "from the moment they exited their vehicle until they ran out of ammunition or drove away from the crime scene" and that "Díaz conceded that he remained in confederation with his fellow robbers . . . Díaz entered the same vehicle he arrived in with his fellow confederates and fled the crime scene." Id. at pp. 10—11. These concessions properly supported the district court's conclusion that the government proffered sufficient facts from which to infer that Díaz "possessed the requisite intent for his guilty plea." Id. at 12 (citing United States v. Ramos—Mejía, 721 F.3d 12, 16 (1st Cir. 2013)). The Supreme Court denied his petition for *certiorari* on January 8, 2018. (Civil Docket No. 12 at p. 1)

On August 29, 2018, Díaz moved to vacate, set aside, or correct his sentence pursuant to section 2255. (Civil Docket No. 1)

## II. Standard

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute

provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

**III. Analysis**

Díaz makes two arguments in his section 2255 application. (Civil Docket No. 1)

First, he argues that he received ineffective assistance of counsel following the First Circuit Court of Appeals remand. Id. at p. 4. Díaz states that his counsel should not have said at the sentencing hearing that Count 2 carried a mandatory minimum sentence of 10 years but should have instead argued that there was not a sufficient factual basis for that count. Id. at pp. 4, 12, 14. Díaz also alleges that his counsel did not sufficiently investigate the facts regarding the discharge of the weapon before negotiating the plea agreement. Id. at pp. 4, 15, 17, 18.

Second, Díaz argues that there was no underlying crime of violence to support Count 2 based on recent Supreme Court precedent. Id. at p. 5.

The Court will address each argument in turn.

**A. Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel generally requires a section 2255 petitioner to satisfy a two-pronged test. A petitioner "must show that his 'counsel's representation fell below an objective standard of reasonableness' and that such deficiency prejudiced him." Feliciano-Rodríguez v. United States, 986 F.3d 30, 36 (1st Cir. 2021) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

The first prong of that standard is sometimes known as the 'performance prong.' When evaluating whether a petitioner satisfies the performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Courts maintain "a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" Feliciano-Rodríguez, 986 F.3d at 37 (quoting Strickland, 466 U.S. at 689), and "find an attorney's performance deficient 'only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.'" Id.

(quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)). "[A] reviewing court must not lean too heavily on hindsight: a lawyer's acts and omissions must be judged on the basis of what he knew, or should have known, at the time his tactical choices were made and implemented." Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002).

The second prong of the ineffectiveness standard is known as the 'prejudice prong.' It requires a petitioner to "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" Feliciano-Rodríguez, 986 F.3d at 37 (quoting Strickland, 466 U.S. at 694). "This is a 'highly demanding' and 'heavy burden,' meaning that '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Williams v. Taylor, 529 U.S. 362, 394 (2000)).

### 1. Statement at Sentencing

Díaz argues that his attorney's statement at his second sentencing that "[o]ne of the offenses, which is the possession of the weapon, entails a mandatory minimum sentence of ten years" denied Díaz effective assistance of counsel because this statement was contrary to the facts of the case. (Civil Docket No. 1 at p. 9) Díaz asserts that his attorney should have instead made an argument that the facts of the case did not support the weapons charge in Count 2. Id. at p. 14.

Díaz neglects to mention, however, that his attorney was speaking at the sentencing hearing within the context of Díaz already pleading guilty to Count 2, aiding and abetting the carry, use, and discharge of a weapon during a crime of violence. (Criminal Docket No. 210 at p. 1) As the government explains in their brief, if Díaz's attorney had made the arguments Díaz now says he should have made, Díaz would have been in breach of the plea agreement and been at risk of an even higher sentence. (Civil Docket No. 12 at p. 6)

Effective assistance of counsel "does not require that counsel . . . engage in futile exercises." United States v. Pellerito, 878 F.2d 1535, 1540 (1st Cir. 1989). Additionally, "the Sixth Amendment does not require that counsel do what is impossible or unethical. . . . [C]ounsel . . . may disserve the interests of his client by attempting a useless charade." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Counsel attempting to argue at sentencing that Díaz could not be found guilty of Count 2 would have been futile considering Díaz had already pled guilty to this count. See Pellerito, 878 F.2d at 1540. Moreover, counsel would have disserved Díaz's interests by putting him at risk of a higher sentence than the plea bargain set. See Cronic, 466 U.S. at 656 n.19. Díaz was not denied

effective assistance of counsel on the basis of his attorney's statement at sentencing.

**2. Failure to Investigate**

Díaz also argues that his attorney did not conduct an adequate investigation of the facts and that his attorney did not interview him about what actually happened on the day of the robbery, instead relying on the government's version of the facts. (Civil Docket No. 1 at p. 17) Because of this, his attorney failed to advance the defense that Díaz could not have foreseen that the firearms would be discharged, and therefore lacked intent to aid and abet section 924(c)(1)(A)(iii). Id. at p. 18.

The government argues that Díaz has not pointed out what more investigation would have revealed or how it would have altered Díaz's decision to plead guilty, without which he cannot show that his counsel was ineffective. (Civil Docket No. 12 at p. 8—9)

Ineffective assistance of counsel within the context of a guilty plea requires that the defendant "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). And if the error is an alleged "failure to investigate or discover potentially exculpatory evidence, the determination whether the error

'prejudiced' the defendant by causing him to plead guilty rather than going to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id.

Díaz does not allege in his petition that he would have insisted on going to trial but for an error of counsel. (Civil Docket No. 1) The gravamen of his accusation seems to be instead that counsel would have discovered a viable defense had he investigated more about the chronology of the shooting on the day of the robbery, which the Court can infer would have led to either a different plea recommendation or a demand for trial on count 2.[2] (Civil Docket No. 1 at pp. 14, 16—18)

The defense that Díaz argues was viable, however, namely that Díaz did not foresee a weapon being discharged and therefore he could not be guilty of section 924(c)(1)(A)(iii) misreads the Supreme Court's rule on intent in aiding and abetting a section 924(c) offense, Rosemond v. United States, 572 U.S. 65 (2014), and the First Circuit Court of Appeals' decision in Díaz's own appeal, United States v. Díaz-Rodríguez, 853 F.3d 540 (1st Cir. 2017).

[2] *Pro Se* petitions should be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In Rosemond, the defendant was charged with both using and carrying a firearm in connection with a drug trafficking crime pursuant to section 924(c), as well as aiding and abetting that offense pursuant to section 2, since the government did not know if the defendant was the person who actually fired the weapon during the drug deal.[3] Rosemond, 572 U.S. at 68. The Supreme Court clarified that to be an aider and abettor to a 924(c) violation, the defendant must have "a state of mind extending to the entire crime." Id. at 76.

The intent requirement is satisfied "when [the person] knows that one of his confederates will carry a gun," though that knowledge must be "advance knowledge." Id. at p. 78. "When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an *armed* offense." Id. at 78 (emphasis in original). If the accomplice does not know about the gun until it appears, he does not have the requisite knowledge unless he also has a "realistic opportunity to quit the crime" but chooses not to. Id. If the

[3] Rosemond was specifically charged in his second count with brandishing and discharging the firearm, as well as aiding and abetting those offenses pursuant to section 2. See United States v. Rosemond, 695 F.3d 1151, 1153 (10th Cir. 2012).

defendant continues to participate once learning of the gun, "the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." Id. at 78 n.9. Rosemond thus establishes that intent for aiders and abettors is shown through either evidence of advance knowledge, or an inference of advanced knowledge from the defendant's failure to withdraw safely when he had an opportunity to do so after seeing a gun during the crime. Id.

Subsection (iii) of section 924(c) states that "if the firearm is discharged, [the defendant must] be sentenced to a term of imprisonment of not less than 10 years." 18 U.S.C. § 924(c)(1)(A)(iii). Díaz argued in his appeal to the First Circuit Court of Appeals that under Rosemond the facts failed to show intent for this element. Díaz-Rodríguez, 853 F.3d at 544. The First Circuit Court of Appeals, however, held that the facts did show intent because when the other two robbers began shooting, "Díaz was afforded ample opportunities upon which he possessed the knowledge necessary to 'enable[ ] him to make the relevant legal (and indeed, moral) choice.' Indeed, he possessed the relevant 'knowledge at a time [he could] do something with it—most notably, opt to walk away.' Yet, despite obtaining the requisite knowledge regarding his confederates' possession and use of weapons in sufficient time to withdraw from the crime—in multiple instances,

Díaz simply chose otherwise." Id. at 546 (quoting Rosemond, 572 U.S. at 78) (internal citations omitted).

While Díaz alleges that his attorney did not investigate sufficiently, Díaz's recounting of the facts in his brief does not include any additional fact that the attorney would have discovered that could have affected the finding that Díaz did not withdraw from the crime when the other robbers started shooting. (Civil Docket No. 1) Díaz does not mention where he went after the shooting stopped, (Civil Docket No. 1 at p. 12), even though his alleged escape in the vehicle that the robbers arrived in was one of the facts noted by the First Circuit Court of Appeals. Díaz-Rodríguez, 853 F.3d at 545.

Díaz's attorney could not have made a viable argument that pursuant to section 2 and section 924(c)(1)(A)(iii) the facts needed to show that Díaz had advanced knowledge that that guns would be discharged, since Rosemond allows the inference of knowledge when an accomplice learns of an armed crime and does not withdraw when he has a safe opportunity to do so. See Rosemond, 572 U.S. at 78. Even if he had investigated the facts to Díaz's satisfaction, Díaz's attorney would likely not have changed his recommendation on pleading guilty to count 2. See Hill, 474 U.S. at 59. Díaz was thus not prejudiced by his attorney's alleged

failure to investigate, and therefore not denied effective assistance of counsel. Id.

**B. 924(c) Underlying Crime of Violence**

Díaz's second argument is that recent Supreme Court precedent analyzing section 924(c) requires the Court to vacate his conviction for Count 2. (Civil Docket Nos. 1 at p. 20, 1—1, 13 at pp. 3—4, 14 and 16)

Section 924(c) criminalizes using and carrying a firearm during and in relation to a 'crime of violence.'[4] 18 U.S.C. § 924(c). A 'crime of violence' is one that is a felony and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3)(A)—(B). The first option is commonly called 'the elements clause' and the second, 'the residual clause.' United States v. Davis, 139 S. Ct. 2319, 2324 (2019).

Díaz spends considerable time in his briefing to this Court tracing the evolution of recent Supreme Court precedent analyzing similar residual clauses in other statutes that have

[4] 924(c) also criminalizes the use and carry of a firearm in relation to a drug trafficking crime. 18 U.S.C. § 924(c).

been found unconstitutionally vague. (Civil Docket No. 14) While Díaz's section 2255 application was pending, and as he predicted, the Supreme Court recently found the residual clause of section 924(c)(3) unconstitutionally vague. See Davis, 139 S. Ct. at 2324.

Díaz unfortunately missed that the First Circuit Court of Appeals has also set binding precedent after he filed his petition— United States v. García Ortiz, 904 F.3d 102 (1st Cir. 2018) —which unequivocally states that the underlying crime here, a Hobbs Act robbery, is a crime of violence pursuant to the elements clause, 924(c)(3)(A). See 904 F.3d at 106. Though there is no longer a valid residual clause to 924(c)(3), Davis, 139 S. Ct. at 2336, to be a 'crime of violence' the crime only needs to meet one of the clauses of 924(c)(3). See 18 U.S.C. § 924(c)(3)(A)—(B). The First Circuit Court of Appeals has said that a Hobbs Act robbery meets the elements clause and is therefore a crime of violence. García-Ortiz, 904 F.3d at 106.

For this reason, Díaz's argument that recent Supreme Court precedent requires the Court to vacate his conviction for Count 2 has no merit.

Accordingly, Díaz's section 2255 motion is **DENIED.**

This case is **DISMISSED with prejudice.**

Judgment shall be entered accordingly.

If Díaz files a notice of appeal, no certificate of appealability shall issue because Díaz has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 21, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE